# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:13-CV-288-RJC-DSC

| | |
|---|---|
| **ROBERT W. SAYMAN, et. al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **LEHMAN BROTHERS FSB, et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

**THIS MATTER** is before the Court on Defendant Nationstar Mortgage LLC's "Motion to Dismiss" (document #5) filed July 1, 2013; Plaintiffs' "Responses … [and] Motion to Amend … Complaint …" (document #9) filed August 29, 2013; and "Defendant's … Reply Memorandum …" (document #10) filed September 9, 2013.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within twenty-one (21) days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or, "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Rule further provides that "leave [to amend the pleadings] shall be freely given where justice so requires." Fed.R.Civ.P. 15(a).

Plaintiffs' response to the Motion to Dismiss was due on July 18, 2013. When Plaintiffs failed to respond, the Court issued a Show Cause Order directing them to file a response by

August 23, 2013. See document #6. On July 24, 2013, Plaintiffs moved for and were granted an extension of time to respond through September 1, 2013. See documents ##7 and 8.

Because Plaintiffs did not seek leave to amend within twenty- one days of receipt of Defendant's Motion to Dismiss, they may amend only with leave of Court. Fed.R.Civ.P. 15(a). The Fourth Circuit has stated that "under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." U.S. v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999).

The Court concludes in its discretion that Plaintiffs' Motion to Amend should be granted. There is no indication that Plaintiffs have engaged in any undue delay or bad faith. Defendant's argument that any amendment will prove to be futile is speculative.

For this reason, Plaintiffs' Motion to Amend will be granted. The Court warns Plaintiffs that further failure to comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. Sanctions may include Plaintiffs being ordered to pay Defendants' costs, including reasonable attorney's fees in their entirety, and may also include dismissal of the Complaint with prejudice.

It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiffs' "Motion to Amend … Complaint …" (document #9) is **GRANTED**. Plaintiffs shall file their Amended Complaint within ten (10) days of this Order.

2. Defendant Nationstar Mortgage LLC's "Motion to Dismiss" (document #5) is administratively **DENIED** as moot without prejudice.

3. The Clerk is directed to send copies of this Order to the parties' counsel; and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.

Signed: September 16, 2013

David S. Cayer
United States Magistrate Judge