IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:13-CV-288-RJC-DSC

| | |
|---|---|
| ROBERT W. SAYMAN and<br>MARY B. SAYMAN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)<br>) |
| LEHMAN BROTHERS FSB,<br>VOLKSWAGEN BANK USA, NATIONSTAR<br>MORTGAGE, LLC, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Defendant Volkswagen Bank USA's Motion to Dismiss … Amended Complaint" (document #24) and "Motion for Judicial Notice" (document #26), both filed December 9, 2013, and the parties' briefs and exhibits. See documents ##24-26, 30 and 31.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will grant Defendant's "Motion for Judicial Notice" and respectfully recommend that the Motion to Dismiss be granted, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 2013, Plaintiffs filed their Complaint which as amended purports to state claims for breach of contract, tort, and federal RICO violations. Plaintiffs' claims arise from a

1

real estate closing that occurred on May 10, 2006. At closing, Plaintiffs executed Notes and Deeds of Trust. The Note and Deed of Trust on the "First Mortgage" is attached to the Complaint and bears the date of July 18, 2007. Plaintiffs accuse Defendants of improperly "monetizing" those documents.

On December 9, 2013, Defendant Volkswagen Bank USA filed its Motion to Dismiss alleging, inter alia, that Plaintiffs' claims are barred by the applicable statutes of limitations. In its "Motion for Judicial Notice," Defendant asks the Court to consider documents executed by Plaintiffs and recorded by the Mecklenburg County Register of Deeds. The Court has considered those documents. Accordingly, Defendant's Motion for Judicial Notice is granted.

Defendant's Motion to Dismiss has been fully briefed and is ripe for determination.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

2

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

Accepting the factual allegations of the Amended Complaint as true, Plaintiffs' purported claims are barred by the applicable statutes of limitations. In North Carolina, a breach of contract claim must be brought within three years. N.C. Gen. Stat. § 1-52. The statute of

limitations for conversion is three years. N.C. Gen. Stat. § 1-52(4). A claim for fraud and misrepresentation must be brought within three years of the time Plaintiffs knew or reasonably should have known of the facts giving rise to the fraud and misrepresentation. N.C. Gen. Stat. § 1-52 (three year statute of limitations for fraud and misrepresentation). "Where a person is aware of facts and circumstances which, in the exercise of due care, would enable him or her to learn of or discover the fraud, the fraud is discovered for the purposes of the statute of limitations." Jennings v. Lindsey, 69 N.C. App. 710, 715, 318 S.E.2d 318, 321 (1984) (citations omitted). A private suit under the federal RICO statute is governed by a four-year statute of limitations, which runs from the date when Plaintiffs discovered or should have discovered their alleged injury. Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143 (1987); Klehr v. A.O. Smith Corp., 521 U.S. 179, 183. 138 L.Ed.2d 373, 117 S. Ct. 1984 (1997); Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc., 262 F.3d 260 (4th Cir. 2001).

A review of the documents submitted here shows that all events giving rise to Plaintiffs' purported claims occurred on or before August 2, 2007. Plaintiffs were aware or reasonably should have been aware of all of those events no later than sometime in August 2007. Plaintiffs' Complaint was not filed until October 23, 2013. This falls well outside the applicable statutes of limitations. For these reasons, Defendant's Motion to Dismiss should be granted.

### III. ORDER

**IT IS HEREBY ORDERED** that:

1. Defendant's "Motion for Judicial Notice" (document #26) is **GRANTED**.

2. All further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant Volkswagen Bank USA's Motion to Dismiss ... Amended Complaint" (document #24) be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiffs; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: February 11, 2014

David S. Cayer
United States Magistrate Judge