UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-288-RJC-DSC

| | | |
|---|---|---|
| ROBERT W. SAYMAN and<br>MARY B. SAYMAN, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | **ORDER** |
| LEHMAN BROTHERS FSB,<br>VOLKSWAGEN USA, NATIONSTAR<br>MORTGAGE, LCC, | )<br>)<br>)<br>)<br>) | |
| Defendants. | | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Amended Complaint and supporting Memorandum (Docs. 15; 16), Defendant's Request for Judicial Notice (Doc. 18), and the Magistrate Judge's Memorandum and Recommendation (M&R), (Doc. 23), recommending that this Court grant Defendants' Motion to Dismiss Amended Complaint and Request for Judicial Notice. Plaintiff filed an objection to the M&R on December 20, 2013 (Doc. 27). These matters are now ripe for review.

**I. BACKGROUND**

A. Procedural Background

On May 10, 2013 Plaintiffs filed their Complaint which as amended purports to state claims for breach of contract, tort, and federal RICO violations. (Doc. 1). Defendant Nationstar filed its Motion to Dismiss on July 1, 2013. (Doc. 4). After obtaining an extension by the Court, Plaintiffs filed their Amended Complaint on October 8, 2013 (Doc. 14). Thereafter, Defendant Nationstar and Defendant Lehman Brothers FSB (Lehman) filed their Motion to Dismiss the Amended Complaint and Request for Judicial Notice. (Docs. 15; 16). The matter was referred

to Magistrate Judge David S. Cayer pursuant to 28 U.S.C. § 636(b)(1). The M&R granted Defendants' Request for Judicial Notice and recommended to this Court that the Motion to Dismiss be granted. (Doc. 27).

B.  Factual Background

Plaintiffs' claims arise from a real estate closing that occurred on May 10, 2006. (Docs. 14; 16). At closing, Plaintiffs executed Notes and Deeds of Trust. (Doc. 14). Plaintiffs' Loan #1 with Lehman was to be used to pay off the first and previous contractual agreement with Main Street Mortgage Corporation. (Doc. 14 ¶ 20). Plaintiffs contend that Defendant did not loan anything to Plaintiffs but rather concealed the fact that they "created" checkbook money by "monetizing" the full face value of the two contractual mortgage (note and deed of trust) documents assigned. (Doc. 14 ¶ 26). Plaintiffs also contend the Defendants "deposited" and "monetized" notes into an Asset account and simultaneously created a "demand deposit account" in a swap of value of said notes. Id. Plaintiffs allege they were "unaware that the defendant [Lehman] unilaterally monetized Plaintiff's promissory note on/or about May 19, 2006 for $517,216 (loan number 0040542326) and used that specific value to pay the seller of the property thus completing the warranty deed and making Plaintiff the real and legal owner of the property…." (Doc. 14 ¶ 64).

A review of the records of the Register of Deeds of Mecklenburg County provides[1]:

- As recorded on March 9, 2004 at Book 16877, Page 264, Plaintiffs executed a Deed of Trust to Market Street Mortgage Company, as lender, for $489,000;

---

[1] The Magistrate Judge took judicial notice of the records included in the Register of Deeds of Mecklenburg County and this Court does likewise. (Doc. 23). The Court may consider documents which a court takes judicial notice. Gilbert v. Deutsche Bank Trust Co. Americas, 2010 U.S. Dist. LEXIS 6716, * 6 (E.D.N.C. 2010) (citations omitted). Here, the deeds and relevant loans are integral to the complaint, no dispute exists as to their authenticity, and their consideration is proper under Rule 12(b)(6).

- As recorded on March 9, 2004 at Book 16877, Page 291, and re-recorded on April 25, 2006 at Book 20324, Page 197, Plaintiffs executed an Equity Line of Credit Deed of Trust to Market Street Mortgage Corporation, as lender, in an amount not to exceed $139,900;

- As recorded on May 19, 2006 at Book 20453, Page 70, Plaintiffs executed a Deed of Trust to Volkswagen Bank USA, as lender, in an amount not to exceed $200,000;

- As recorded on June 6, 2006 at Book 1684, Page 618 and May 8, 2007 at Book 1860, Page 988, Certificates of Satisfaction were recorded for the Deeds of Trust securing the debt to not exceed $139,900;

- As recorded on July 27, 2007 at Book 22587, Page 695, Plaintiffs executed a Note and Deed of Trust securing the debt due and owing to Lehman in the amount of $521,000; and

- As recorded on August 2, 2007 at Book 1909, Page 346, Mortgage Electronic Registration Systems, Inc. as nominee for Market Street Mortgage Corporation filed a Satisfaction of Security Instrument for a Deed of Trust securing the debt in the original amount of $489,000.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Id. Plaintiffs' objection to the M&R was filed December 20, 2013. (Doc. 23). Plaintiff objected to the M&R on the grounds that the

Magistrate erred in recommending that the case be dismissed on statute of limitations grounds. (Doc. 23).

**III. DISCUSSION**

The issue before this Court is whether the Magistrate properly determined that Plaintiffs' claims were barred by the applicable statute of limitations and thus, properly granted Defendants Motion to Dismiss. Generally, a motion to dismiss under Rule 12(b)(6) "cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). However, in limited circumstances courts may determine the merits of an affirmative defense at this stage of litigation if "all facts necessary to the affirmative defense clearly appear[] on the face of the complaint." Id. (quoting Richmond, Fredericksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)). In considering a 12(b)(6) motion, courts may consider exhibits such as contracts that are integral to and were relied upon in the complaint and whose authenticity is not in dispute. Blankeship v. Manchin, 471 F.3d 231, 243 (4th Cir. 1999).

    A.    Breach of Contract

In North Carolina, a breach of contract claim must be brought within three (3) years. N.C. Gen. Stat. § 1-52. "Where there is either a breach of an agreement or a tortious invasion of a right for which the party aggrieved is entitled to recover even nominal damages, the statute of limitations immediately begins to run against the party aggrieved, unless he is under one of the disabilities specified in G.S. § 1-17." Jewell v. Price, 142 S.E. 2d 1, 3 (N.C. 1965), cited by Brantley v. Dunstan, 179 S.E.2d 878, 880 (N.C. App. 1971). "The accrual of the cause of action must therefore be reckoned from the time the first injury, however slight, was sustained. Jewell at 3. "It is unimportant that the actual or the substantial damage does not occur until later if the

whole injury results from the original tortious act. . . . It is likewise unimportant that the harmful consequences of the breach of duty or of contract were not discovered or discoverable at the time the cause of action accrued." Id. at 3-4.

Plaintiffs argue that the breach of contract action begins to run at the time each new installment becomes due. However, Plaintiffs rely on Finova Capital Corp. v. Beach Pharmacy, II, Ltd., 623 S.E.2d 289 (N.C. App. 2005) where the UCC governed an installment contract. In this case, the general statute of limitations for breach of contract is applicable. Therefore, the cause of action accrues "when the right to institute a suit arises." Id. at 291. Here, the complaint contains sufficient facts on its face to establish that the statute of limitations had run. In Plaintiffs' Amended Complaint, they state "[o]n or about May 10, 2006 [Lehman] knew… [it] was going to bifurcate the alleged loan… and illegally monetize the promissory note and deed of trust notes… thus, breaching the terms and conditions of the contract." (Doc. 14). Plaintiffs filed this action May 10, 2013. (Doc. 1). The three year statute of limitations has already run on Plaintiffs' breach of contract claims. Therefore, this Court finds that the recommendation of the Magistrate Judge should be adopted.

B. Conversion

In North Carolina, the statute of limitation for conversion is three (3) years. N.C. Gen. Stat. § 1-52(4). As a general rule, a conversion claim accrues, and the statute of limitations begins to run, when the unauthorized assumption and exercise of ownership occurs, not when the plaintiff discovers the conversion. Stratton v. Royal Bank of Canada, 712 S.E.2d 221 (N.C. App. 2011) (see also White v. Consol. Planning, Inc., 603 S.E.2d 147, 165 (N.C. App. 2004) statute of limitations runs from the date of conversion, rather than discovery). Here, the complaint contains sufficient facts on its face to establish that the statute of limitations had run.

The alleged events at issue occurred "on or about May 10, 2006," or "on or about May 19, 2006." (Doc. 14). Plaintiffs filed this action on May 10, 2013. (Doc. 1). The three year statute of limitations had already run on Plaintiffs' conversion claims by the time of filing. Therefore, this Court finds that the recommendation of the Magistrate Judge should be adopted.

    C.    Fraud/Misrepresentation

A claim for fraud/misrepresentation must be brought within three (3) years of the time Plaintiffs knew or reasonably should have known of the facts giving rise to the fraud/misrepresentation. N.C. Gen. Stat. § 1-52. "[W]here a person is aware of facts and circumstances which, in the exercise of due care, would enable him or her to learn of or discover the fraud, the fraud is discovered for the purposes of the statute of limitations." Jennings v. Lindsey, 318 S.E.2d 318, 321 (N.C. App. 1984) (citations omitted); see also Hunter v. Guardian Life Ins. Co. of America, 593 S.E.2d 595, 601 (N.C. App. 2004) ("[T]he statute of limitations begins to run from the discovery of the fraud or from the time it should have been discovered in the exercise of reasonable diligence."). Plaintiffs argue Defendants misrepresented the fact they loaned Plaintiffs' money and were unaware that "the defendant… unilaterally monetized [their] promissory note… and used that specific value to pay the seller of the property thus completing the warranty deed making [them] the real and legal owner of the property…." (Doc. 14). The documents releasing and recording security interests was filed with the Register of Deeds and made public record by August 2007. (Doc. 5). Plaintiffs reasonably knew or should have known of the fraud/misrepresentation by August 2007. Plaintiffs' Complaint was not filed until May 10, 2013, and therefore is barred by the applicable statute of limitations. Therefore, this Court finds that the recommendation of the Magistrate Judge should be approved.

D.  Racketeer Influenced and Corrupt Organizations (RICO)

A private suit under the federal RICO statute is governed by a four-year statute of limitations, which runs from the date when Plaintiffs discovered or should have discovered their alleged injury. Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143 (1987); Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc., 262 F.3d 260 (4th Cir. 2001). As noted above, Plaintiffs' reasonably knew or should have known of the injury by August 2007. Plaintiffs' Complaint was not filed until May 10, 2013, and therefore is barred by the applicable statute of limitations. Therefore, this Court finds that the recommendation of the Magistrate Judge should be adopted.

This Court has conducted a full and careful review of the M&R and other documents of record and, having done so, finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

IV.  **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's M&R, (Doc. No. 17), is **ADOPTED,** and Defendants Lehman and Nationstar Mortgage, LLC's Motion to Dismiss, (Doc. No. 15), is **GRANTED.** The Clerk of Court is directed to close this case.

_____
Robert J. Conrad, Jr.
United States District Judge