UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-288-RJC-DSC

| | |
|---|---|
| ROBERT W. SAYMAN and )<br>MARY B. SAYMAN, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LEHMAN BROTHERS FSB, )<br>VOLKSWAGEN USA, NATIONSTAR )<br>MORTGAGE, LCC, )<br>)<br>Defendants. ) | **ORDER** |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Amended Complaint and supporting Memorandum (Docs. 24, 25), Defendant Volkswagen USA's (Volkswagen) Request for Judicial Notice (Doc. 26), the Magistrate Judge's Memorandum and Recommendation (M&R), (Doc. 32), recommending that this Court grant Defendants' Motion to Dismiss Amended Complaint and Request for Judicial Notice, and Defendants' Objections to the M&R (Doc. 38). These matters are now ripe for review.

**I. BACKGROUND**

A. Procedural Background

On May 10, 2013 Plaintiffs filed their Complaint which as amended purports to state claims for breach of contract, tort, and federal RICO violations. (Doc. 1). After obtaining an extension by the Court, Plaintiffs filed their Amended Complaint on October 8, 2013. (Doc. 14). Thereafter, Defendant filed its Motion to Dismiss the Amended Complaint and Request for Judicial Notice. (Docs. 24, 26). The matter was referred to Magistrate Judge David S. Cayer pursuant to 28 U.S.C. § 636(b)(1). The M&R granted Defendant's Request for Judicial Notice and recommended to this

1

Court that the Motion to Dismiss be granted. (Doc. 32). On March 31, 2014, Defendants submitted a thirty page document listing various objections to the M&R as well as an affidavit. (Docs. 38; 38-1).

B.  Factual Background

Plaintiffs' claims arise from a real estate closing that occurred on May 10, 2006. (Docs. 14, 16). At closing, Plaintiffs executed Notes and Deeds of Trust. (Doc. 14). Plaintiffs' Loan #2 with Defendant was to be used to pay off the second and previous contractual agreement with Main Street Mortgage Corporation. (Doc. 14 ¶ 21). Plaintiffs contend that Defendant did not loan anything to Plaintiffs but rather concealed the fact that they "created" checkbook money by "monetizing" the full face value of the two contractual mortgage documents (note and deed of trust) assigned. (Doc. 14 ¶ 26). Plaintiffs also contend the Defendants "deposited" and "monetized" notes into an Asset account and simultaneously created a "demand deposit account" in a swap of value of said notes. Id.

A review of the records of the Register of Deeds of Mecklenburg County provides:[1]

- As recorded on March 9, 2004 at Book 16877, Page 264, Plaintiffs executed a Deed of Trust to Market Street Mortgage Company, as lender, for $489,000;

- As recorded on March 9, 2004 at Book 16877, Page 291, and re-recorded on April 25, 2006 at Book 20324, Page 197, Plaintiffs executed an Equity Line of Credit Deed of Trust to Market Street Mortgage Corporation, as lender, in an amount not to exceed $139,900;

- As recorded on May 19, 2006 at Book 20453, Page 70, Plaintiffs executed a Deed of Trust to Volkswagen Bank USA, as lender, in an amount not to exceed $200,000;

- As recorded on June 6, 2006 at Book 1684, Page 618 and May 8, 2007 at Book 1860, Page 988, Certificates of Satisfaction were recorded for the Deeds of Trust

---

[1]The Magistrate Judge took judicial notice of the records included in the Register of Deeds of Mecklenburg County and this Court does likewise. (Doc. 23). The Court may consider documents of which a court takes judicial notice. Gilbert v. Deutsche Bank Trust Co. Americas, 2010 U.S. Dist. LEXIS 6716, * 6 (E.D.N.C. 2010) (citations omitted). Here, the deeds and relevant loans are integral to the complaint, no dispute exists as to their authenticity, and their consideration is proper under Rule 12(b)(6).

      securing the debt to not exceed $139,900;

- As recorded on July 27, 2007 at Book 22587, Page 695, Plaintiffs executed a Note and Deed of Trust securing the debt due and owing to Lehman in the amount of $521,000; and

- As recorded on August 2, 2007 at Book 1909, Page 346, Mortgage Electronic Registration Systems, Inc. as nominee for Market Street Mortgage Corporation filed a Satisfaction of Security Instrument for a Deed of Trust securing the debt in the original amount of $489,000.

## II.    STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Id. Plaintiffs' objection to the M&R was filed March 31, 2014. (Doc. 38). Plaintiff objected to the M&R several grounds, including: that the Magistrate erred in recommending that the case be dismissed on statute of limitations grounds; that the Magistrate Judge failed to consider pleadings exhibits; and that the Magistrate Judge considered the Plaintiffs pleadings and supporting theories as challenging "the money system of the United States." (Doc. 38).

## III. DISCUSSION

Plaintiffs object that the Magistrate Judge erred in recommending this Court to find that Plaintiffs' claims are barred by the statute of limitations and that such fact was evident from the face of the complaint. Specifically, Plaintiffs contend that their claims for breach of contract, fraud and RICO did not accrue until discovery of the breach or acts constituting the fraud. Accordingly, Plaintiffs contend that by affixing the statute of limitations to the date the contract was signed, the Magistrate Judge erred as Plaintiff could not know that Defendant's actions were fraudulent on the date that he signed the contract, otherwise he would not have signed such documents. Additionally, Plaintiffs state that the statute of limitations for conversion has not run as it is an ongoing harm for which each instance of conversion renews the statute of limitations. Plaintiffs contend that, as Defendants are still in possession of the property, the statute of limitations has not yet expired. The Court reviews these objections de novo.

Generally, a motion to dismiss under Rule 12(b)(6) "cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). However, in limited circumstances courts may determine the merits of an affirmative defense at this stage of litigation if "all facts necessary to the affirmative defense clearly appear[] on the face of the complaint." Id. (quoting Richmond, Fredericksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)). In considering a 12(b)(6) motion, courts may consider exhibits such as contracts that are integral to and were relied upon in the complaint and whose authenticity is not in dispute. Blankeship v. Manchin, 471 F.3d 231, 243 (4th Cir. 1999).

Accepting the factual allegations of the Amended Complaint as true, Plaintiffs' purported claims are barred by the applicable statute of limitations. In North Carolina, a breach of contract

4

claim must be brought within three (3) years. N.C. Gen. Stat. § 1-52. "The statute of limitations immediately begins to run against the party aggrieved . . . [t]he accrual of the cause of action must therefore be reckoned from the time the first injury, however slight, was sustained." Jewell v. Price, 142 S.E.2d 1, 3 (N.C. 1965). In North Carolina, the statute of limitation for conversion is three (3) years. N.C. Gen. Stat. § 1-52(4). As a general rule, a conversion claim accrues, and the statute of limitations begins to run, when the unauthorized assumption and exercise of ownership occurs, not when the plaintiff discovers the conversion. Stratton v. Royal Bank of Canada, 712 S.E.2d 221 (N.C. App. 2011). A claim for fraud/misrepresentation must be brought within three (3) years of the time Plaintiffs knew or reasonably should have known of the facts giving rise to the fraud/misrepresentation. N.C. Gen. Stat. § 1-52. "[W]here a person is aware of facts and circumstances which, in the exercise of due care, would enable him or her to learn of or discover the fraud, the fraud is discovered for the purposes of the statute of limitations." Jennings v. Lindsey, 318 S.E.2d 318, 321 (N.C. App. 1984) (citations omitted). Finally, a private suit under the federal RICO statute is governed by a four-year statute of limitations, which runs from the date when Plaintiffs discovered or should have discovered their alleged injury. Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143 (1987); Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc., 262 F.3d 260 (4th Cir. 2001).

In a separately issued order, this Court ruled on the statute of limitations issues involving co-defendants Lehman Brothers FSB and Nationstar Mortgage, LLC's Motion to Dismiss (Doc. 34). This Court held that the events giving rise to Plaintiffs' claims occurred on or before August 2, 2007. Additionally, Plaintiffs' reasonably knew or should have known of the injury by August 2007 when the terms of the loan were made aware to Plaintiffs and the related paperwork was distributed to Plaintiffs. Plaintiffs' Complaint was not filed until May 10, 2013, and therefore is

5

barred by the applicable statute of limitations. Therefore, the recommendation of the Magistrate Judge should be adopted.

Plaintiff also objected that the Magistrate Judge failed to consider exhibits attached to the pleadings. Judge Cayer noted in the M&R that he had "fully considered the arguments, the record, and the applicable authority." (Doc. 32 at 1). Finally, Plaintiff's objections about the "vapor theory" of money were not entirely clear on their own terms. There is no indication that the Magistrate Judge based his recommendation on such theory, or that the theory has strong relevance to the motion to dismiss under Rule 12(b)(6). Accordingly, the Court finds no error in the M&R.

This Court has conducted a full and careful review of the M&R and other documents of record and, having done so, finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's M&R, (Doc. No. 32), is **ADOPTED,** and Defendant Volkswagen USA's Motion to Dismiss, (Doc. No. 24), is **GRANTED.** The Clerk of Court is directed to close this case.

Robert J. Conrad, Jr.
United States District Judge